UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | Case No. EDCV 05-0346-JTL<br><br>ORDER AWARDING ATTORNEY FEES<br>PURSUANT TO 42 U.S.C. § 1383(d)(2) |

**BACKGROUND**

On May 10, 2005, Richard J. Wilson ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for supplemental security income. On August 11, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on November 16, 2005, defendant filed an Answer to Complaint. On January 26, 2006, the parties filed their Joint Stipulation. On May 12, 2006, the Court entered an Order and Judgment remanding the matter to the Commissioner of Social Security. On July 12, 2006, the Court awarded fees under the Equal Access to Justice Act ("EAJA") to plaintiff's counsel in the amount of $2,825.00.

///

///

In the February 5, 2007 decision following the second Administrative Law Judge ("ALJ") hearing, the ALJ found that plaintiff was entitled to supplemental security insurance benefits under Title XVI. Thereafter, the Commissioner sent plaintiff a Notice of Award that provided for $44,093.68 in past-due benefits.

On October 27 2007, plaintiff filed a Motion for Attorney Fees pursuant to 42 U.S.C. Section 406(b) ("Motion"). In the Motion, plaintiff requests fees in the amount of $11,023.42[1] pursuant to the provision set forth in his contingent fee contract with counsel. (Motion at 4; Exh. 5). The requested fee is based on 8.75 hours of attorney time and 12.4 hours of paralegal time for representation before the district court. (Motion at 4, Exh. 6).

On November 26, 2007, defendant filed a Response to Plaintiff's Petition for Attorney Fees Pursuant to 42 U.S.C. Section 406(b) ("Response"). In the Response, defendant noted that the statutory basis for an award of attorney fees is 42 U.S.C. § 1383(d)(2)(A), not Section 406(b). (Response at 3-4). Defendant noted that a fee award $11,023.42 is 25 percent of the total past-due benefits awarded to plaintiff. (Response at 2). In addition, defendant noted that because plaintiff's attorney already received $5,300.00 in administrative fees, plaintiff is really seeking a fee award of $5,723.42 ($11,023.42 less $5,300.00 paid in administrative fees.) (Response at 2). Plaintiff did not file a reply to defendant's Response.

## DISCUSSION

Congress authorized payment of a reasonable fee to an attorney whose client brings a successful claim under Title II of the Social Security Act. 42 U.S.C. § 406(b)(1)(A). Title II is an insurance program and provides benefits to insured individuals regardless of need while Title XVI of the Social Security Act is a welfare program and provides benefits to financially needy individuals who suffer from a disability. The Supreme Court has held that the two parts of the

---

[1] Plaintiff notes that his counsel has already been awarded $5,300.00 in administrative fees and $2,825.00 in fees under the EAJA. Plaintiff recommends that the Court subtract the administrative fees paid to counsel from his fee request and direct his counsel, Bill LaTour, to directly reimburse plaintiff in the amount of $2,825.00 to offset the attorney fee award that the Commissioner has paid to his counsel under the EAJA. (Motion at 4-5).

Act are distinct and that attorney fees cannot be awarded pursuant to Section 406(b) for successful Section XVI claims. <u>Bowen v. Galbreath</u>, 485 U.S. 74, 79 (1988). Congress recently amended Section 1383(d)(2) to permit the award of attorney fees for successful claims under Title XVI. <u>See</u> Social Security Protection Act of 2004, Pub. L. No. 108-203, § 302(a), 118 Stat. 493 (2004). The amended statute incorporates Section 406(b) by reference and is applied in largely the same manner as Section 406(b). <u>Id.</u>; <u>see</u> <u>also</u> 42 U.S.C. § 1383(d)(2)(A).

**A.      Plaintiff's Entitlement to Attorney Fees**

The ALJ found that plaintiff was entitled to supplemental security income benefits and the Commissioner awarded $44,093.68 in past-due benefits under Title XVI. (Motion at 4, Exh. 4). Thus, plaintiff has a claim for attorney fees under Section 1383(d)(2).

Amended Section 1383(d)(2) only applies to favorable judgments obtained after the effective date of the statute, which was February 28, 2005. <u>See</u> Social Security Protection Act of 2004, § 302(c) ("The amendments made by this section shall apply with respect to fees for representation of claimants which are first required to be paid . . . on or after [the effective date]."). The ALJ awarded past-due benefits under Title XVI on April 28, 2006. Thus, plaintiff has a claim for attorney fees under Section 1383(d)(2).

An attorney fee paid under Section 1383(d)(2) cannot be in excess of 25 percent of the past-due benefits to which the claimant is entitled by his or her judgement. 42 U.S.C. § 1383(d)(2)(B)(i). On April 18, 2005, plaintiff entered into a contingent fee agreement with his attorney. (Motion, Exh. 5). Under the terms of the contingent fee agreement, plaintiff agreed that counsel would "receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and I in the event my case is won." (<u>Id.</u>). Thus, the contingent fee agreement provides for a fee that falls within the acceptable range provided by Section 1383(d)(2)(B)(i). In addition, there is no basis to find, and none is alleged, that the contingent fee agreement itself is invalid based on fraud or other grounds.

///

///

B.    **The Reasonableness of the Fee**[2]

The fee provision in Section 406(b) is not intended to displace contingent fee agreements as a means to set fees for representation of social security benefit claimants. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Nor does it imply that all contingent-fee agreements that provide for fees up to 25 percent of the past-due benefits awarded are reasonable per se. Gisbrecht, 535 U.S. at 807. Instead, in order to recover fees under Section 406(b), an attorney for a successful claimant must show that the fee sought is within the 25 percent boundary, and that the fee sought is reasonable for the services rendered in the course of his or her representation. Id.

Accordingly, even when a contingent fee falls within the 25 percent boundary, the court may reduce the fee if the court finds it unreasonable. Id. In order to determine whether a fee is reasonable, courts have considered the attorney's recovery based on the character of the representation and the results the representation achieved. Id. at 808. For example, if the attorney is responsible for delay, "a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. Similarly, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to avoid a windfall for the attorney. Id.; see Ellick v. Barnhart, 445 F. Supp 2d 1166, 1173 (C.D. Cal. 2006) ("Counsel spent very little time on the case in comparison to the amount of benefits now owing, and the issues briefed in the summary judgment motion were neither novel nor complex."). If the contingent fee is found to be unreasonable, the court must adjust the attorney's recovery accordingly. Gisbrecht, 535 U.S. at 808.

In the Response, defendant notes that if plaintiff's counsel seeks a fee of $115.00 an hour for the 12.4 hours of paralegal time, or a total fee of $1,426.00 for paralegal services, the requested award represents an hourly rate of roughly $1,096.85 for plaintiff's counsel's services ($11,023.42 less $1,426.00 for paralegal time = total fee for attorney divided by 8.75 hours).

---

[2] Because Section 1383 incorporates the provisions of Section 406 to apply to this section to the same extent as they apply to cases under Title II of the Social Security Act, the Court will engage in the reasonableness analysis required for awards under Section 406(b) to determine the reasonableness of the requested fee award under Section 1383(d)(2).

(Response at 8).  However, in making this calculation, defendant does not subtract the administrative fees awarded to plaintiff from the fee request.  Thus, after taking this additional step, if plaintiff's counsel seeks $115.00 an hour for paralegal services, or $1,426.00, the requested award represents an hourly rate of approximately $491.14 for plaintiff's counsel's services ($11,023.42 less $5,300.00 in administrative fees less $1,426.00 for paralegal time = total fee for attorney divided by 8.75 hours) in connection with the representation of plaintiff before the district court.

To assess the reasonableness of counsel's fee pursuant to the terms of the contingent fee agreement, the Court has reviewed the record summarizing the time plaintiff's counsel spent working on the case before the district court.  See Gisbrecht, 535 U.S. at 808-09.  After considering the reasonableness of the fee requested in light of the particular circumstances of this case, including the risks associated with representation of numerous social security claimants on a contingent fee basis, the Court finds that $5,723.42 for 8.75 hours of work by plaintiff's counsel and 12.4 hours of paralegal work for representation before the district court is reasonable.

**CONCLUSION**

Based upon the foregoing, plaintiff's motion for attorney fees is GRANTED.  Fees under Section 1383(d)(2) are awarded in the gross amount of $5,723.42, to be paid out of the sums withheld by the Commissioner from plaintiff's benefits.  Upon payment by the Commissioner of such amount to plaintiff's counsel, plaintiff's counsel shall reimburse plaintiff in the amount of $2,825.00 to offset the attorney fee award that the Commissioner has already paid to counsel under the EAJA.

DATED: February 4, 2008

                                        /s/
                               JENNIFER T. LUM
                               UNITED STATES MAGISTRATE JUDGE